# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| NUCLEAR CARE PARTNERS, LLC, | ) | Case No.2:15-CV-01418-APG-CWH |
|     Plaintiff | ) | |
|  | ) | |
|     v. | ) | **STIPULATION AND** |
| THOMAS M. GLEASON, a/k/a TOM GLEASON | ) | **ORDER RE:** |
|  | ) | **INJUNCTION** |
|  | ) | |
|     Defendant. | ) | |

Plaintiff filed a Motion for Preliminary Injunction (Doc. 8), which defendant opposed (Doc. 13). The parties appeared before the Court for a hearing on October 7, 2015. After hearing the parties' respective positions and arguments, the Court encouraged the parties to meet and attempt to arrive at a stipulated preliminary injunction. The parties have done so, and agree to the following injunction.

1.     Defendant is enjoined, individually and in active concert or participation with others, from using, copying, disclosing, distributing, and/or disseminating NCP's "Trade Secrets" and "Confidential Information," as they are defined in the August 11, 2014 Employee Confidential and Proprietary Information and Non-Compete Agreement that is attached hereto as Exhibit "A," which includes, but is not limited to, NCP's physician letters, NCP's Patient Plan of Care, NCP's Comprehensive Nursing Assessment, NCP's Patient Authorization Process Team Checklist (Case Manager), NCP's Patient Authorization Process Team Checklist (Authorizations), NCP's Billing Process Documents, which includes "Phase I. ACS Authorization" and "Phase II. Billing

LV_614818.1

Calculations."

2.      While defendant denies being in possession of any written or electronic copies of any of the documents listed in paragraph 1, to the extent Defendant discovers he is in possession of any such documents, Defendant shall immediately return to NCP any and all such documents or any other "Trade Secrets" or "Confidential Information" he may have.

3.   Defendant is enjoined, individually or in active concert or participation with others, from directly competing against NCP in regard to, or performing services in relation to, the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA") in the states of Colorado, California, Idaho, Wyoming, South Carolina, Georgia, Nevada, Iowa, Florida, Missouri, West Virginia, Illinois, Alabama, Arizona, and Utah until May 29, 2017.

////

////

////

////

////

////

////

////

////

////

2

This stipulated injunction is made in conjunction with and in consideration for the promises and obligations in a settlement agreement that anticipates dismissal of plaintiff's claims. The parties agree this Court shall have continuing jurisdiction to enforce this injunction, notwithstanding dismissal of plaintiff's claims. This injunction shall be enforceable without bond.

ALVERSON TAYLOR MORTENSEN & SANDERS

Kurt R. Bonds, Esq.
Nevada Bar No. 006228
Trevor Waite, Esq.
Nevada Bar No. 13779
7401 W. Charleston Blvd.
Las Vegas, NV 89117-1401

Attorneys for Plaintiff

DURHAM JONES & PINEGAR

Michael Rawlins, Esq.
Nevada Bar No. 5467
10785 W. Twain #200
Las Vegas, NV 89135

Attorneys for Defendant

IT IS SO ORDERED,

UNITED STATES DISTRICT JUDGE

November 13, 2015

1.V_614818.1



**NUCLEAR CARE PARTNERS**
*Helping Families Live Well At Home*

## EMPLOYEE CONFIDENTIAL AND PROPRIETARY INFORMATION
## AND NON-COMPETE AGREEMENT

This Agreement is entered into this __11__ day of __August__, 2014 between Nuclear Care Partners ("NCP") and __Tom Gleason__ ("Employee"), for the purpose of setting forth the parties' mutual understanding regarding Employee's use of NCP's trade secrets and competition with NCP during employment and thereafter.

### I. Recitals

A.    NCP is an approved Medical Provider under the following U.S. Department of Labor Programs: EEOICPA, RECA, DCMWC & FECA.  NCP (1) works with former DOE workers who have been diagnosed with work related illnesses and consequently qualify for no-cost in-home medical benefits; and (2) provides the necessary support services to allow clients to obtain health care needed in a home setting.  NCP's "Market Area" includes any territory in which NCP provides services or Employee performs services for NCP at any time during Employee's employment with NCP.

B.    NCP and Employee respectively recognize that NCP's business, and the industry encompassing that business, are fiercely competitive.

C.    Employee recognizes that NCP, among other things, invests substantial funds and resources to train and educate Employee in this business and industry.

D.    Employee agrees to perform certain services for NCP under the terms of this Agreement for an indefinite period of time in the future, on an at-will basis.

E.    NCP is willing to accept Employee's services and to compensate Employee for these services for an indefinite period of employment, on an at-will basis, and to provide Employee access to proprietary and confidential information regarding NCP's clients and business as is necessary for Employee to fulfill duties to NCP, in consideration of Employee's agreement to abide by the terms of this Agreement.

F.    Employee is willing to accept the terms of this Agreement as a condition of such employment with NCP.

G.    NCP and Employee respectively recognize the value of NCP's confidential and proprietary information and their respective need for this Agreement.



EXHIBIT

A

Therefore, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## II. Terms and Conditions

1.   **Access to Client Information and Other Trade Secrets.**  Employee acknowledges that NCP has specialized and proprietary knowledge, information, methods, techniques, and skills peculiar to NCP's security and growth, and that NCP has expended large sums of money and time in advertising, building the business, rendering services, developing and cultivating its business.  Employee will learn confidential, proprietary, and commercial information relating to NCP's clients and its operations through Employee's position, which information qualifies as trade secrets of NCP.

   a.   "Trade Secrets / Confidential Information" include, but are not limited to, client information; NCP's confidential practices and procedures; contracts between NCP and third parties; its reports to clients; contract negotiations; resources, financial information about NCP, including, without limitation, annual income, profit margins, net profits; any and all confidential personnel information; payroll data; specialized equipment capabilities and processes (including, but not limited to NCP's information storage systems, computer passwords, and contents), research, developments, designs, inventions, marketing, forms, documents, manuals and handbooks developed by NCP, which are not for public consumption; any and all strategic plans; business plans for expansion, growth or reorganization; current patient acquisition methods and future strategies for such; and computer passwords and contents.

   b.   "Client Information" includes, but is not limited to, the specific sectors of the public NCP services; names, addresses and telephone numbers of clients; credit card numbers, social security numbers; and all personal information relating to clients; client files; client billings and payments; client collection information; client services received.  Client information is proprietary to NCP and also subject to the client's reasonable expectations of privacy and confidentiality.

2.   **Acknowledgment that Information is Confidential and Constitutes Trade Secrets.**  Employee agrees that the information listed above constitutes trade secrets of NCP; that the information is not generally known outside NCP; that it is known inside NCP only to the extent employees need to know it to perform their jobs; that NCP takes precautions above and beyond normal business precautions to guard the secrecy of the information; that having knowledge of the information is of great value to the holder as against competitors; that NCP has expended considerable effort and money in obtaining and developing the information; and that the amount of time and expense it would take for others to acquire and duplicate the information is also considerable.  Employee acknowledges the confidentiality of the information and agrees that the fact that this information is confidential trade secrets of NCP will not be subject to contest.  This information is protected by this Agreement, the common law, and by applicable state statutory law, as amended from time to time (the Uniform Trade Secrets Act) from inappropriate disclosure, misappropriation, or use for competitive purposes, both during

and after employment.

3.   **Agreement Not to Disclose, Retain or Misappropriate Trade Secrets.**  Employee agrees that at all times, including, but not limited to, during the time Employee is employed by NCP, Employee shall not at any time or in any manner, directly or indirectly, disclose, divulge, disseminate, or communicate in any manner whatsoever to any other individuals or entities any of NCP's trade secrets or confidential information except to the extent that such disclosure is necessary to the performance of Employee's duties to NCP and is in the best interest of NCP, and that such disclosure is not disloyal to NCP or for any competitive purpose against NCP.  Employee shall not compete with or assist others to compete with NCP during the period of employment.  Upon termination of employment, Employee shall return to NCP all documents or other tangible forms of information regarding confidential information, trade secrets of NCP or that are otherwise the property of NCP.   Further, Employee agrees that after employment with NCP terminates, whether termination is voluntary or involuntary, Employee shall not disclose the confidential information or trade secrets to others, or use the same for self-gain, or to compete with NCP or to assist others in competing with NCP.

   a.   Employee acknowledges and agrees that all originals and copies of client lists, client files or information, supplier and vendor lists, files or information; manuals, materials, supplies, trade secrets and other property furnished to Employee by NCP or derived from information available to Employee through employment with the NCP, and the work product of any employee of NCP shall be and shall remain the property of NCP unless otherwise provided herein.

   b.   Upon termination of employment with the NCP, Employee shall promptly return to NCP all notes, memoranda, writings, lists, files, reports, financial statements, lists, correspondence, indexes, computer discs, operation manuals, machines, trade secrets and any other tangible items or documents and any copies thereof, which Employee produced, received or otherwise had access to while employed by NCP, and which in any way relate to the business of NCP or any clients of NCP. Employee shall deliver immediately to NCP all such property together with all copies thereof in Employee's possession or control.   Employee shall not retain copies of any such documents or materials acquired through the employment relationship unless otherwise agreed herein or in a subsequent written agreement signed by NCP.

   c.   NCP may withhold from Employee's final paycheck upon termination of employment for up to ten calendar days to audit the return of NCP's property by Employee.  NCP may deduct the value of property not returned from Employee's final wages (unless such deduction would violate FLSA requirements on minimum wage, overtime, and salary-basis).  This is in addition to other rights NCP has to damages and injunctive relief for Employee's unauthorized retention of NCP's property after termination of employment.

3

4.  **Further Assurances.**  During employment with NCP, Employee shall not engage in any other employment, business or occupation that competes with NCP's business or otherwise creates a conflict of interest or the appearance of a conflict of interest with NCP's business.  Employee shall not personally appropriate business or commercial opportunities that are consistent or compatible with NCP's business without the NCP's knowledge and express written consent.  Employee shall exclusively represent only NCP during the term of this Agreement, and shall solicit and place all requests for services that can be provided by NCP only through NCP.  All fees earned by Employee during employment for services that NCP can provide shall be the property of NCP and shall be promptly reported and submitted to NCP.  This provision does not otherwise limit Employee's right to engage in outside employment.  Employee shall not during employment solicit any other employees to leave NCP and work elsewhere within NCP's Market Area in competition with NCP.

5.  **Agreement Not to Compete.**  Employee agrees that for two (2) years after termination of employment, regardless of whether Employee or NCP initiates or causes such termination, and regardless of the reasons, grounds, or cause of such termination, Employee shall not, directly or indirectly, whether as an employee, owner, officer, director, partner, member, shareholder, trustee, incorporator, consultant, agent, independent contractor, or advisor, own, manage, establish, create, incorporate, operate, finance, control, service, assist, participate in, engage in, consult with or for, or solicit on behalf of, or carry on, in any manner whatsoever, any business which is in direct or indirect competition with, or who by hiring Employee, plans expansion of its operations to compete with the business of and by NCP and its subsidiaries within the Market Area. Such indirect businesses constitute those that provide "like" services and shall benefit from the trade secrets of NCP and its subsidiaries, including, but not limited to, homecare, hospice, private duty, and the long-term care industry.  Employee is not otherwise restricted in any way from working in other sectors of the health care industry.

6.  **Inevitable Disclosure.**  The parties agree that if Employee provides services to a competitor of NCP in any capacity including, without limitation, as an employee, owner, officer, director, partner, member, shareholder, agent, independent contractor, or advisor, within NCP's market area within two years after termination of employment, that Employee will inevitably disclose and use for competitive purposes trade secrets of NCP in violation of paragraph 3 above and the Uniform Trade Secrets Act, and that NCP shall be entitled to the remedies set forth herein for such violation.

7.  **Repayment of Training Costs.**  If Employee's employment terminates for any reason during the first two years after Employee is hired, Employee shall be responsible to reimburse NCP for all costs incurred by NCP in training Employee (excluding in-house training and orientation).  Such costs shall include, without limitation, costs incurred by NCP for Employee attending educational courses, training sessions and seminars; costs of books and other training materials provided; lodging, meals and travel expenses; and contractor time spent training Employee.  NCP may deduct the training costs from Employee's final pay check (unless such deduction would violate FLSA requirements on

4

minimum wage, overtime, and salary-basis). The remaining balance of any training costs owed by Employee shall be due and payable immediately.

8.   **Remedies for Breach of Agreement.** The parties agree that NCP will suffer irreparable injury to its business and property interests in the event Employee breaches or attempts to breach the provisions of this Agreement. Therefore, it is agreed that in the event of Employee's breach or attempted breach, NCP shall be entitled to an injunction to restrain any breach or prospective breach of this Agreement by Employee and all persons acting by or through Employee in regard to such breach, and other equitable relief necessary to prevent a breach or to remedy a breach. NCP shall also be entitled to any damages that it can prove resulted from the breach or prospective breach of any provisions of this Agreement and any other relief available under common law, statutes, regulations, tort, contract, and equitable theories. Such damages shall include but not be limited to costs of litigation, expert witness fees and reasonable attorneys' fees incurred by NCP in pursuing its rights under this Agreement. Employee waives the posting of a bond for any injunctive relief sought by NCP. These remedies are in addition to and not in lieu of NCP's rights under common law, equity, the Uniform Trade Secrets Act, and any other applicable laws, regulations or theories of recovery.

9.   **Reasonable Limitations.** The parties agree that the limitations on use of trade secrets set forth in this Agreement and on competition during and following employment are reasonable and necessary to protect NCP's proprietary interests and good will and that these limitations do not unreasonably restrain or interfere with Employee's ability to be gainfully employed in the future in Employee's chosen career. These limitations do not constitute a penalty.

10.  **Severability and Blue Penciling.** This Agreement is intended to bind Employee to the maximum extent permitted by law. If any court determines that any of the covenants or any part thereof, is invalid or unenforceable, the remainder of the covenants shall not thereby be affected and shall be given full effect, without regard to the invalid portions. If any court determines that any of the covenants, or any part thereof, is unenforceable because of the duration or geographical scope of such provision, such court shall have the power to reduce the duration or geographical scope of such provision, as the case may be, and, in its reduced form, such provision shall then be enforceable and shall be enforced. Should, however, a court of competent jurisdiction deem any covenant to be impermissibly over-broad, it is the desire and intention of the parties that the covenant be enforced to the greatest extent deemed to be enforceable.

11.  **State Law and Jurisdiction.** This Agreement shall be construed in accordance with the laws of the State of Nevada. Any claims arising from or in any way related to the performance, breach, or construction of this Agreement shall be brought in a Court of competent jurisdiction in the State of Nevada. NCP and Employee agree to consent to personal jurisdiction in any Court in the State of Nevada for any such litigation.

12.  **Binding Effect.** This Agreement is binding upon and inures to the benefit of the parties

5

their successors, transferees, assigns, agents, representatives and heirs. However, this Agreement is not assignable by Employee.

13. **Knowing and Voluntary Agreement.** The parties enter into this Agreement knowingly and voluntarily after having ample opportunity to review its terms and conditions with legal counsel of each party's own choosing, if so desired, before executing the Agreement.

14. **Employment at Will.** All employment with NCP is at will, meaning that either the Employee or NCP may terminate the employment relationship at any time, with or without cause or prior notice. Nothing in this Agreement changes the at-will status of the employment relationship.

[Signatures Appear on Next Page]

6

THE UNDERSIGNED ENTERS INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AFTER CAREFULLY READING ITS TERMS AND CONDITIONS.

EMPLOYEE:                                    NUCLEAR CARE PARTNERS:

_J. Gleason_        8/11/14         By: _____        8·11·14
Signature of Employee    Date         Authorized Representative         Date

Tom Gleason
Print Name of Employee

7